UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JIMMY M. ISBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>KHAN, FRANCISCAN HEALTH ICU, and UNKNOWN,<br><br>    Defendants. | No. 3:24 CV 119 |

## OPINION and ORDER

Jimmy M. Isbell, a prisoner without a lawyer, filed a complaint. (DE # 2.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

While incarcerated at Indiana State Prison, Isbell underwent hip surgery at Franciscan Health Michigan City hospital on September 12, 2023. There were complications during the procedure, and he went into respiratory arrest twice because, he alleges, the anesthesiologist, Dr. Khan, inserted the thorax tube too far. As a result, the surgery was not fully successful, and he suffers ongoing complications. He sues

Dr. Khan, the Franciscan Health ICU, and other unknown defendants who were involved in his care at the hospital.

Isbell's complaint does not state a claim under 42 U.S.C. § 1983. A § 1983 claim requires that the plaintiff allege he was deprived of a federal right by a person acting under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Hanson v. LeVan*, 967 F.3d 584, 597 (7th Cir. 2020). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted). Isbell asserts an Eighth Amendment claim for deliberate indifference against the doctor and a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) against the ICU.[1] But he does not allege a basis to find that the doctor or the ICU were state actors who can be sued under § 1983. And the complaint describes only negligence on the part of the doctor, which does not rise to the level of deliberate indifference needed for a constitutional claim.

Dr. Khan is not alleged to be employed by the state. As a doctor employed by a private company, "[w]hether [he] is a state actor is a functional inquiry, focusing on the relationship between the state, the medical provider, and the prisoner." *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 797 (7th Cir. 2014). A private physician with only "an incidental and transitory relationship with the state's penal system" does not become a state actor, and thus subject to suit under § 1983, by virtue of treating a prisoner.

---

[1] Isbell does not mention the unknown defendants, so they will not be discussed further.

*Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009). There are generally four factors to consider when determining whether a private physician can be considered a state actor: (1) the setting in which the medical care is rendered; (2) "the *degree* to which the professional decisions made in rendering the care are influenced by the status of the patient as a prisoner and the directive of the state . . . with respect to the manner and the mode of care;" (3) any contractual relationship between the state and the medical care provider; and (4) the degree of the interactions between the prisoner and the physician. *Id.* at 826-28. Isbell provides no information about Dr. Khan and Franciscan Health's relationship with Indiana State Prison and himself to determine whether either could be considered a state actor.

It is true that a prisoner would not necessarily have access to that information at the pleading stage. But even if the doctor were a state actor, Isbell does not allege deliberate indifference on the part of Dr. Khan. The Eighth Amendment is violated if a state actor is deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate-indifference standard is satisfied "when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Negligence or medical malpractice does not establish an Eighth Amendment violation. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). Instead, a medical professional must make a decision that represents "such a substantial departure from accepted professional

3

judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). The mere fact that complications arose does not show deliberate indifference. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (negligence, incompetence, or even medical malpractice do not amount to deliberate indifference); *see also Jones v. Sood*, 123 F. App'x 729, 731 (7th Cir. 2005) (the Eighth Amendment does not "guarantee success" in the treatment of a particular condition). Here, there are no facts alleged to allow a reasonable inference that Dr. Khan was more than negligent when he inserted the thorax tube and responded to Isbell's respiratory distress.

Isbell also does not allege a basis to hold Franciscan Health ICU liable. He alleges only that he was taken to the ICU after the surgery. The ICU or the hospital cannot be held liable for the actions of the employees working there because there is no respondeat superior liability under § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Because Isbell does not state a federal claim, the court will not consider whether he could bring a claim under state law for negligence or medical malpractice against any of the defendants. "Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c)." *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010). Without a federal claim or other basis for federal court jurisdiction, Isbell will have to bring any potential state law claims in state court.

Finally, Isbell asks that the court reassess the amount of the initial partial filing fee ordered by the court when he was granted leave to proceed in forma pauperis. (DE ## 6, 7.) This matter is moot because Isbell has paid the initial partial filing fee in full. (DE # 10.) Because Isbell is a prisoner, he is subject to the requirements of 28 U.S.C. § 1915(b) and must pay the entire filing fee in accordance with the procedures set forth in that statute. *See* 28 U.S.C. § 1915(b); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) ("[T]he filing of a complaint (or appeal) is the act that creates the obligation to pay fees, and what the judge does later does not relieve a litigant of this responsibility."). The court does not have authority to waive the fee or to modify the amount or timing of payments. *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998); *see also Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997).

This complaint does not state a claim for which relief can be granted. If Isbell believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

5

For these reasons, the court:

(1) **DENIES** the motions (DE 6, 7) as moot;

(2) **GRANTS** Jimmy M. Isbell until **June 12, 2024**, to file an amended complaint; and

(3) **CAUTIONS** Jimmy M. Isbell that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: May 8, 2024

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT