# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA

*[This form is for prisoners to sue for civil rights violations. <u>NEATLY</u> print in ink (or type) your answers.]*

JIMMY M. ISBELL,
    Plaintiff,
v.

SCANNED at ISP and Emailed on
6-7-24 by KWB - 5 pages
(date)　(initials)　(num)

Case No:  **3:24-cv-119-JTM-JEM**

DR. TAYAAB W. KHAN,
et. al.,
    Defendant(s)

# AMENDED PRISONER COMPLAINT

| # | Defendant's Name and Job Title | Work Address |
|---|---|---|
| 1 | [Put the defendant named in the caption in this box.] Doctor Tayaab W. Khan | Franciscan Health Svcs. 3500 Francsican Way Michigan City, IN 46360 |
| 2 | [Put the names of any other defendants in these boxes.] FRANCISCAN HEALTH ICU (Under 'Monell') | Franciscan Health Svcs. 3500 Francsican Way Michigan City, IN 46360 |
| 3 |  |  |

*[If you are suing more defendants, attach an additional page. Number each defendant. Put the name, job title, and work address of each defendant <u>in a separate box</u> as shown here.]*

1. How many defendants are you suing?  -2- (+/-) as become known.

2. What is the name and address of your prison or jail?

 ISO – 201 Woodlawn Avenue, Michigan City, IN 46360 (DOC # 229232)

3. Did the event you are suing about happen there?  ◯ Yes.  **X No**, it happened at: The Franciscan Health Svc. Hospital – 3500 Franciscan Way, Michigan City, IN 46360.

*[<u>DO NOT</u> write in the margins or on the back of any pages. Attach additional pages if necessary.]*

On what date did this event occur? **September 12, 2023.**

## CLAIMS and FACTS

DO: Write a short and plain statement telling what each defendant did wrong.

DO: Use simple English words and sentences.

    **DO NOT**: Quote from cases or statutes, use legal terms, or make legal arguments.

DO: Explain when, where, why, and how each defendant violated your rights.

DO: Include every fact necessary to explain your case and describe your injuries or damages.

DO: Number any documents you attach and refer to them by number in your complaint.

    **DO NOT**: Include social security numbers, dates of birth, or the names of minors.

DO: Use each defendant's name every time you refer to that defendant.

DO: Number your paragraphs. [*The first paragraph has been numbered for you.*]


¶ 1) On September 12, 2023, I was admitted to the Franciscan Health Svc., (Hospital) from the Indiana State Prison to undergo a subsequent surgery to my right hip, as I suffer from a condition defined medically as "Hip Dysplasia". This condition hinders me from doing many normal daily activities and diminishes my quality of life significantly.

¶2) Previously, I had undergone surgery for this condition on my left hip and afterwards had no post-operative complications on March 28, 2023 (the date of the 1st Surgery).

¶3) On September12, 2023, during the pre-operative stage for the 2nd surgery. (I would like to call to the Court's attention the following facts; It must be noted that the attending surgeon DR. HARTSON M.D. report said that; "The patient was brought to the operating room (OR) with vital signs stable and vascular status intact.") Continued; during the pre-operative stage, the anesthesiologist DR. TAYAAB W. KHAN, and the surgical team (name(s) unknown) inserted / affixed [a] thorax tube way too far down my throat and during the surgery I [Plaintiff] went into "respiratory arrest" (i.e. coded) twice, due to the stress of the tube insertion, being placed too far down into my left lung. This cause me to have breathing complications which in turn caused the "coding". It is to be noted * that in relation to both surgeries, I had two (2) different anesthesiologist(s), and two (2) distinctive outcomes. Dr. Tayaab W. Khan during the "coding" was

[*DO NOT* write in the margins or on the back of any pages. Attach additional pages if necessary.]

witnessed by staff as in a state of "seizing up" or "panicked", and seemingly was trying to extricate himself from the scene. Language used was; "He went into respiratory arrest, we (the surgical team) went ahead and stopped our part of the case, covered the wound and worked with anesthesia to recovery his respiratory function. We were told that he appeared to be stable. They felt it was due to his "hypertension" and we could begin our case. At this point, I [DR. HARTSON] went ahead and dislocated the hip and removed all trials. Again, right at this point the patient went into respiratory arrest..........All attention was then directed to the code. I assisted DR. KHAN with placement of a triple lumen. He then went on to place an art line. "(Report dictated by JAMES C> HARTSON M.D.) As both Doctor(s) assisted each other. I was being treated at a private hospital, Defendant [Tayaab W. Khan M.D.] is a state actor for purposes of this action, as the Def't Hospital (Franciscan Health) and Dr. Khan regularly treats prisoners from the Indiana State Prison & the Indiana State Prison (Minimum Security Unit) (ISO). Dr. Khan contracts with Franciscan Health to provide emergency services, and could therefore expect to treat prisoners. Dr. Khan was aware of my status as a prisoner and was deliberately indifferent to my serious medical needs violable under the 8th Amendment to the *United States Constitution* & *42 USC* §§ 1395 dd. & 1983.

¶ 4) Following the 2nd respiratory arrest. Surgery was stopped immediately. I [Plaintiff] was then taken to have a ["Cat"] (Computing Tomography; "CT Scan" doen as the medical term is defined.) This scan revealed "in-fact" my left lung had completely collapsed, this due to the thorax tube (inserted by [Tayaab W. Khan M.D.] being inserted too far down my airway. (Deliberate Indifference.) I was then transferred to the Intensive Care Unit for further observation.

¶ 5) Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights. The State bore an affirmative obligation to provide adequate medical care to [Isbell]; the State delegated that function to respondent [Khan] partially during the surgery; and respondent voluntarily assumed that obligation by contract. (See) **Docket Entry No. 14 filed May 16, 2024 in this case.**

¶ 6) Nor does the fact that Doctor [Khan's] employment contract [if existent which would be subject to disclosure in discovery under *Fed. R. Cv. Proc.* 34, did not require him to work exclusively for the prison make him any less a state actor than if he performed those duties as a full-time, permanent member of the state prison medical staff. It is the physician's function while working for the State, not the amount of time he spends in performance of those duties or the fact that he may be employed by others to perform similar duties, that determines whether he is acting under color of state law. In the State's employ, respondent worked as a physician at a

hospital that would fully expect to treat prisoners. The hospital fully vested with authority to fulfill essential aspects of the duty, placed on the State by the Eighth Amendment and state law, to provide essential medical care to those the State had incarcerated. **Doctor Khan must therefore be considered to be a state actor.**

¶ 7) I, the Plaintiff assert that due to the actions as witnessed by ISP Officer(s) responsible for transport (Sgt. Nelson & Officer Tibbs) along with the member(s) of the surgical team, that I have suffered a traumatic constitutional injury resulting in serious bodily injury/ that could have had deathly consequences. This is primarily attributable to Def't #1 [Tayaab W. Khan M.D.], as well as other(s) who have been able to shield their identities, despite a letter for disclosure with re: to liability. (See) ***Docket Entry No. 14 filed May 16, 2024 in this case.*** Sent in an attempt to comply with the Court's Order of Amendment on May 08, 2024 **(D.E. #13)**.

¶ 8) Due to the deliberate indifference of [Tayaab W. Khan M.D.] and others unknown, Dr. Hartson stated in his report; "I cannot be sure that the hip is stable. I cannot be sure that the limb lengths are equal. The patient may need further surgery in the future."

¶ 9) [Tayaab W. Khan M.D.] should be held responsible where his actions resulted in the two (2) "coding" incident(s) as well as his actions where staff witnesses seen Dr. Khan attempting to "leave" without taking responsibility for the injury that he cause the Plaintiff. ISBELL. I should be allowed to proceed on any/all claim(s) violable under the 8th Amendment re: Dr. Tayaab W. Khan.

5. When did this event happen?
    ○ Before I was confined.
    ○ While I was confined awaiting trial.
    X **After I was convicted while confined serving the sentence.**
    ○ Other:

6. Have you ever sued anyone for this exact same event?

    **X No.**

    ○ Yes, attached is a copy of the final judgment OR an additional sheet listing the court, case number, file date, judgment date, and result of the previous case(s).

7. Could you have used a prison grievance system to complain about this event? **X No, this event is not grievable at this prison or jail.**

8. If you win this case, what do you want the court to order the defendant(s) to do?
    For damages; $ 1, 062,500.00 against Dr.KHAN compensatory plus $ 187, 500 punitive.
    For damages; $ 1, 062,500.00 against Franciscan Health Svcs., compensatory plus
    $ 187, 500 punitive. **Total Damage Amt: $2,500,000.00**

JT I will pre-pay the filing fee OR file a prisoner motion to proceed in forma pauperis.
JT I will keep a copy of this complaint for my records.
JT I will promptly notify the court of any change of address.
JT I WILL NOT send more than one copy of any filing to the court.
JT I WILL NOT send summons, USM-285, or waiver forms to the clerk.
JT I declare **under penalty of perjury** that the statements in this complaint are true.
    I placed this complaint in the prison mail system on  6 / 7 /2024 at 7.00 (am)/pm.
    [Do not fill in this date and time until you give the complaint to prison officials to send to the court.]

_____  229232
Signature                                                                                   Prisoner #

*[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]*